FILED
U.S. District Court
District of Kansas
09/01/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CAROL JANE SMITH,**

**Petitioner,**

**v.** **CASE NO. 26-3322-JWL**

**LEAVENWORTH COUNTY DISTRICT COURT[1],**

**Respondent.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Carol Jane Smith, who is currently incarcerated at Topeka Correctional Facility in Topeka, Kansas. (Doc. 1.) Petitioner has paid the filing fee. The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed with prejudice because it was not timely filed.

**Background**

In 2019, in the District Court of Leavenworth County, Kansas, Petitioner pled guilty to and was convicted of two counts of felony distribution of methamphetamine. (Doc. 1, p. 2.) The state district court sentenced her to 48 months in prison and Petitioner appealed, arguing that the district

[1] Petitioner has named the Leavenworth County District Court as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Dona Hook, the current warden of Topeka Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

court erred in denying her motion for a dispositional sentencing departure. *Id.* at 2-3. *See also State v. Smith*, 2021 WL 2386034, *1 (Kan. Ct. App. June 11, 2021) (unpublished). The state district court granted Petitioner an appeal bond, which she posted, so she was not incarcerated during her appeal. (*See* Doc. 1, p. 5.)

In June 2021, the Kansas Court of Appeals issued an opinion affirming Petitioner's sentence. *Smith*, 2021 WL 2386034 at *1. Petitioner asserts that she was unaware of the opinion or of the mandate issued in April 2022 and she thought her appeal remained pending. (*See* Doc. 1, p. 3, 5, 8.) On January 24, 2025, Petitioner was taken into physical custody to begin serving the 4-year prison sentence imposed in 2019. *See id* at 5.

In July 2026, Petitioner sought relief from her convictions and sentence by filing a petition in the Leavenworth County District Court. *See* publicly available records of *Smith v. State*, Case No. LV-2026-CV-000328, available at https://casesearch.kscourts.gov. The state district court construed the petition as seeking relief under K.S.A. 60-1507 and, in an order issued later that month, denied it as untimely and, alternatively, for failing to state a claim for relief. *See id.* There is no indication that Petitioner filed a notice of appeal from the denial. On August 31, 2026, Petitioner filed in this Court the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that began this case. (Doc. 1.)

**Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes her petition. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court

does not assume the role of Petitioner's advocate and it will not construct arguments for her. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**Analysis**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Nothing in the petition suggests that another subsection of the statute applies to control the date on which the one-year limitation period began. The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

In this matter, the Kansas Court of Appeals rejected Petitioner's appeal in an opinion filed

June 11, 2021. Under Kansas Supreme Court Rule 8.03(b)(1), Petitioner had 30 days in which to file a petition for review in the Kansas Supreme Court. *See* Kan. S. Ct. R. 8.03(b)(1). When she did not file a petition for review on or before Monday, July 12, 2021, her judgment became final for purposes of the AEDPA. *See* K.S.A. 60-206(a)(1) (explaining how to calculate deadline for filing a petition for review). Thus, on July 13, 2021, the one-year AEDPA limitation period began to run. Unless the year was tolled—or paused—for some reason, the last day for Petitioner to timely file a 28 U.S.C. § 2254 petition was July 12, 2022. *See Longoria v. Falk*, 569 F. App'x 580, 581 (10th Cir. 2014) (unpublished) ("[I]n the absence of tolling the applicant's last day to file a § 2254 application under AEDPA is the anniversary of when the judgment became final.").

The AEDPA statute of limitations also includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, however, Petitioner did not file her K.S.A. 60-1507 motion until July 2026. The Tenth Circuit is clear: "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (citations omitted). Thus, because Petitioner's K.S.A. 60-1507 motion was not filed until well after July 12, 2022—when the AEDPA one-year period expired—the K.S.A. 60-1507 motion does not statutorily toll the AEDPA statute of limitations. Petitioner will be granted time, however, in which to show any additional statutory tolling she believes should apply.

In addition, the federal habeas one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues [her]

claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [her] control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).

Even liberally construing the petition, nothing therein alleges circumstances that justify equitable tolling of the statute of limitations in this matter. Petitioner asserts that she was unaware that her direct appeal was final during the time in which she could have timely filed a federal habeas petition. But she has not alleged any facts that support the conclusion that she was diligently pursuing her claims between July 2021, when the appeal became final, and January 2025, when she was taken into custody. Moreover, even if Petitioner could somehow show she was diligently pursuing her claims during that time, she has alleged no facts regarding the time between January 2025, when she was taken into custody, and August 2026, when she filed her petition in this Court. Petitioner will be granted time, however, to show that extraordinary circumstances beyond her control prevented her from timely filing this federal habeas petition and that she was diligently pursuing her claims during any time she seeks to equitably toll the federal habeas statute of limitations.

Finally, an exception to the one-year time limitation exists where a petitioner adequately asserts her actual innocence. "[A]ctual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). In order to pass through the actual innocence gateway, Petitioner must

provide this Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021).

To be clear, Petitioner is not required to conclusively exonerate herself in order to pass through the actual innocence gateway. Generally speaking, for a petitioner to be allowed through the actual innocence gateway, she must present the Court with new, reliable evidence—meaning reliable evidence that was not presented at her trial—and she must "demonstrate 'that more likely than not any reasonable juror would have reasonable doubt'" about her guilt in light of the new, reliable evidence. *See Fontenot*, 4 F.4th at 1030 (quoting *House v. Bell*, 547 U.S. 518, 538, 553 (2006)). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Thus, arguments based on legal insufficiencies will not open the actual innocence gateway.

In other words, the actual innocence gateway will open—meaning that this Court may consider the merits of Petitioner's grounds for federal habeas relief—only if Petitioner presents to this Court reliable evidence that was not presented at her trial and which, when considered with all of the other relevant evidence, makes it more likely than not that no reasonable juror would have found her guilty beyond a reasonable doubt of the crimes of which she was convicted. This is a high bar, in recognition of the Tenth Circuit's explanation that

> tenable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

In the case currently before the Court, however, the bar may be even higher. As noted above, Petitioner was convicted after pleading guilty. (Doc. 1, p. 2.) As the Tenth Circuit has explained:

> The Supreme Court has made clear that a petitioner invoking actual innocence as to a guilty plea still has to prove his innocence of the charge to which he pleaded guilty—namely, the crime of conviction. *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). Furthermore, "[i]n cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624, 118 S. Ct. 1604. The Supreme Court's holding in *Bousley* prevents a petitioner from artificially narrowing the scope of the actual innocence inquiry through plea bargaining.

*Taylor v. Powell*, 7 F.4th 920, 933 (10th Cir. 2021). The Court does not know whether Petitioner's guilty plea came as a result of a plea agreement under which the State dismissed additional charges against Petitioner. If that was the case, however, Petitioner may not pass through the actual innocence gateway unless she provides to this Court new, reliable evidence that, had it been presented to a jury, would have made it more likely than not that any reasonable juror would have had reasonable doubt that Petitioner was guilty—not only of the felony charges of drug distribution but also of any other charges that were dismissed under the terms of the plea agreement.

**Conclusion**

In summary, the petition that began this case does not appear to have been timely filed. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will resume the Rule 4 review and issue further orders as necessary. If Petitioner fails to timely submit a response to this order or if her response does not show entitlement to statutory tolling, equitable tolling, or the actual innocence gateway, this matter will be dismissed with prejudice as untimely without further

prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Dona Hook, Warden of Topeka Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including **October 2, 2026**, in which to show cause, in a single written response to this order, why this matter should not be dismissed as untimely filed.

**IT IS SO ORDERED.**

DATED: This 1st day of September, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge