FILED
U.S. District Court
District of Kansas
09/28/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CAROL JANE SMITH,**

**Petitioner,**

**v.** **CASE NO. 26-3322-JWL**

**DONA HOOK,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed on August 31, 2026 pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Carol Jane Smith, who is currently incarcerated at Topeka Correctional Facility in Topeka, Kansas. (Doc. 1.) On September 1, 2026, the Court issued a memorandum and order to show cause ("MOSC") explaining that it appeared the statute of limitations expired in 2022, over 4 years before Petitioner filed the petition that began this case, so the petition was untimely filed. (Doc. 2, p. 3-4.) The MOSC explained the circumstances in which statutory or equitable tolling of the statute of limitations might be available and how a petitioner might avoid the statute of limitations by making a colorable claim of actual innocence. *Id.* at 4-7. Petitioner was granted time to show cause why this case should not be dismissed as untimely filed. *Id.* at 7-8.

This matter comes now before the Court on Petitioner's response to the MOSC, which she timely filed on September 17, 2026. (Doc. 3.) In the response, Petitioner asserts that her attorney abandoned her by not contacting her to tell her when her direct appeal was final. *Id.* She states that she has never known who was appointed to represent her in her direct appeal and she has not spoken to the attorney who represent her during sentencing and filed her notice of appeal since the

day after she was sentenced. *Id.* Petitioner also reminds the Court that she is a layperson and is not trained in the law. *Id.*

Even liberally construing the response, Petitioner does not dispute the Court's conclusion that the federal habeas statute of limitations expired 4 years before she filed her petition in this Court. (Doc. 3.) Nor does she assert entitlement to statutory tolling or passage through the actual innocence gateway. *Id.* To the extent that the response can be liberally construed to argue for equitable tolling, Petitioner's arguments fail because she has not shown that she diligently pursued her claims or that the failure to timely file her federal habeas petition was caused by extraordinary circumstances beyond her control. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted).

Although Petitioner emphasizes that her attorney failed to update her on state-court appeal, she does not state that she attempted in any way to discover for herself the status of her appeal. In light of the fact that Petitioner was out of custody on an appeal bond during the time the AEDPA statute of limitations ran, the Court sees no reason she could not have independently tracked the status of her direct appeal. Therefore, the Court concludes that Petitioner has not shown she is entitled to equitable tolling and the Court will dismiss this matter with prejudice as untimely filed. *See Haney v. Addison*, 175 F.3d 1217, 1219-21 (10th Cir. 1999) (affirming dismissal with prejudice of untimely 2254 petition); *Navarette v. Horton*, 2023 WL 1773856, *1 (10th Cir. 2023) (unpublished) (same).

**Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C.

§ 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed with prejudice as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 28th day of September, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge